UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ROBERT BEARD, | ) | CASE NO. CV 13-9293 GW (RZ) |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE UNTIMELINESS |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

      The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Petitioner indicates that he signed the current petition on September 23, 2013. (He initially filed it in the Northern District of California on October 7. On December 13, that court transferred the action here.) From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a)  In 2006, a Los Angeles County Superior Court jury convicted Petitioner of multiple crimes. He was sentenced to 39 years to life in prison. *See* Pet. at 2.

(b)  The California Court of Appeal affirmed, and on December 10, 2008, the California Supreme Court denied further direct review. Pet. at 3. Petitioner does not appear to have sought *certiorari* in the United States Supreme Court. *Id*. (no response to form question about post-conviction challenges). His conviction therefore became final after March 11, 2009, after the high court's 90-day deadline for seeking *certiorari* expired. *See* SUP. CT. R. 13.1. His one-year limitations period began to run on that date.

(c)  Just before the one-year period ended, on March 8, 2010, Petitioner filed a habeas petition in this Court. *See* docket in *Beard v. Harrington*, No. ED CV 10-0352 GW (RZ). The Court summarily dismissed that petition without prejudice on August 12, 2010, explaining that Petitioner failed to assert any underlying errors of federal, rather than state, law. According to the Ninth Circuit's records, Petitioner did not appeal that dismissal (although he was appealing two other judgments around that time).

(d)  Over two years after the prior dismissal, Petitioner signed the current petition.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale after March 12, 2010, one year after his conviction became final. Petitioner's prior,

abortive petition in this Court did not toll the applicable one-year limitations period. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker,* 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

      This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days from the filing date of this Order.

      If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

      IT IS SO ORDERED.

      DATED: January 2, 2014

                              RALPH ZAREFSKY
                            UNITED STATES MAGISTRATE JUDGE